J. C. KIMBROUGH V. STATE

No. 27,656. June 22, 1955

R. L. Rust, Eastland, for appellant.

Leon Douglas, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for aggravated assault; the punishment, one month in jail and a fine of $25.00.

The assault was made upon W. G. Pounds, Chief of Police of the city of Ranger.

Appellant owned and was driving a truck being used to move a house from a point east of Ranger to Breckenridge. He was employed by his father who was engaged in that business, and who at the time was on top of the house. Kimbrough Sr. had a

special permit from the Texas Highway Department to move the house on the highway but had no permit from the city of Ranger.

As the house movers neared the city limits of Ranger, an employee of the telephone company attempted to stop them and being unsuccessful called to his superior. He soon arrived on the scene and attempted to stop the truck, claiming that some telephone wires had been damaged.

Being likewise unsuccessful, he called for the city officers and Chief of Police Pounds and Officer Freeman responded.

Chief Pounds testified that when he met the truck he tried to waive appellant down, but he did not stop; that he turned around at the next intersection and attempted to come up by the side of the truck but could not because of the many cars; that he again intercepted appellant's truck at an intersection, pulled his car over to the right, "got out and got in front of him and tried to waive him down, and he still wouldn't stop" and "I had to get out of the way to keep him from just driving over me, you might say, and so when he came by, then I got on the running board."

Appellant then asked "Can I pull right there?" and Chief Pounds said "Yes"; "and after he got there, he kept going, he didn't stop there, and I kept trying to get him to stop then, and he still wouldn't stop."

Officer Freeman was at this time on the opposite running board, attempting to get the ignition key.

According to the testimony of the two officers, appellant reached for what appeared to be a scale weight and Chief Pounds caught him by the shirt as he turned toward Officer Freeman with the weight in his hand. Appellant then struck Chief Pounds in the mouth with his hand and knocked him off the running board.

Appellant testified that he knew Pounds was an officer, "it was pretty obvious he had his uniform and gun"; and that he "figured" that Chief Pounds was investigating "all this commotion on the highway" when he hit him.

Appellant denied, however, that Chief Pounds was trying to stop him, and testified that Freeman "started it all" when he

said "I'll stop him, I'll get his keys." Appellant further testified that he did not know Freeman was an officer, but thought he was "a Bell Telephone man."

The jury rejected appellant's claim of self-defense which was submitted to them in a charge to which no objections were addressed.

Appellant presents several bills of exception. Bill No. 1 complains that Houghton, a telephone company employee, was permitted to testify that appellant, upon being told that he was damaging the company's telephone lines, said "Mind your own damn business and I'll worry about your telephone lines."

This was a part of the "commotion out on the highway" which appellant understood that the officers were investigating and was admissible as showing appellant's intent and to refute his claim of self-defense.

The same is true as to the testimony of Townsend, another telephone company employee, to the effect that he tried to stop appellant's truck and appellant told him "to get to hell back to the office if you care a damn thing about your lines."

No error is shown by appellant's Bill No. 3 which complains that appellant was asked on cross-examination whether or not he had been convicted of a felony in the last ten years.

The qualifications to this bill show that in the absence of the jury it was developed that appellant had been so convicted ten years before, when he was 18 years of age. The trial judge excluded the testimony because of the remoteness and it was not again mentioned during the trial.

Also, the qualifications to the bill show that appellant made no request that the court instruct the jury not to consider the question.

Appellant's remaining contention is that there was no evidence showing that Chief Pounds was acting in his official capacity at the time of the assault. Counsel argues that the officer had no right to arrest appellant because he had no warrant, and had not seen appellant commit any offense, and was therefore acting illegally and not in performance of his official duties at the time of the assault.

It is shown that at the time of the assault appellant had turned off the highway and on to a street in the city of Ranger, and that appellant had not secured the required permit from the city to move the house over its streets.

Art. 6701a, V.C.S., providing for the issuance of a permit such as here shown, contains the proviso "Nothing in this act shall prevent the full control of such movements or operations on the streets of cities and towns by the ordinances of such municipalities."

There is no evidence that the chief of police was attempting to arrest appellant for the violation of any law or that appellant had any reason to believe that he was about to be illegally arrested.

The chief of police was, we hold, acting in the lawful discharge of the duties of his office and, upon being informed that telephone lines were being damaged and upon observing the movement of the house onto the streets of the city, had the authority to require the driver to stop in order to make an investigation of his use of the highway and to determine whether he had a permit authorizing the transportation of a house, the size of which required a special permit in order to make its transportation lawful.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.